MARGARET FLIPPIN v. J. S. FLIPPIN, Executor of Samuel M. Flippin.

Where a testator provided in his will that his wife should have a year's allowance for her support for one year not exceeding the amount allowed by law, and the widow and Executor by mutual consent selected three men to lay off to the widow her year's support under the will which was done, and both parties assented to the report in writing endorsed thereon; *Held*, that, in the absence of fraud and undue influence, the widow is estopped by the award and cannot maintain a proceeding under the statute for a year's allowance.

Proceedings under the Statute, Section 2128 of *The Code*, for the allotment of a year's allowance, heard before *Bryan, J., at Chambers*, during April Term, 1895, of STOKES Superior Court, on appeal from Superior Court Clerk. The facts appear in the opinion of Associate Justice MONTGOMERY.

*Mr. A. M. Stack*, for plaintiff.
*Messrs. Walter W. King* and *Watson & Buxton*, for defendant (appellant).

FAIRCLOTH, C. J. : The defendant's testator among other things said in his will : "I will that she (plaintiff) have such a year's allowance out of the crop, stock and provisions on hand as may be necessary for her support for one year, not exceeding the amount allowed by the laws of North Carolina," and appo nted the defendant his executor.

The plaintiff and defendant by mutual consent selected three men to lay off to the plaintiff her year's support under the will, who made the assignment and signed and filed their report, which was read to both parties who endorsed thereon, "We the undersigned having heard the

foregoing report read do agree to same. Martha M. Flippin, J. S. Flippin, Executor." It is found as a fact that there is no evidence of fraud in the matter. The plaintiff after receiving the property so assigned instituted this proceeding for a year's allowance under *The Code*, Sec. 2129, &c. The Clerk held that the plaintiff was estopped, and his Honor on appeal overruled the Clerk's decision and ordered that the year's allowance prayed for be allotted. In this there is error.

It was not necessary that the widow should dissent, as she was entitled to her year's allowance under the will as well as by statute. The plaintiff's contention was answered by the fact that all of the authorities cited in her behalf were cases of fraud or undue influence by the executor or other parties. After the foregoing proceedings were had the plaintiff was bound thereby and the award was a plain case of mutual estoppel by writing. *Armfield* v. *Moore*, Busbee, 157 ; Morse on Arbitration, 36, 295 6-7.

Reversed.